In the Matter of the Claim of JOHN BEITER, Appellant, against BARNEY MILLER, Appellant, and LUMBER MUTUAL CASUALTY INSURANCE COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant has appealed from a decision of the State Industrial Board denying his claim for compensation, and his employer has appealed from a determination of the same tribunal holding that he was not covered by a policy of insurance issued by respondent. Claimant was employed as a handy man and laborer. His employer operates a hardware store and plumbing, heating and sheet metal business, and a limited contracting business. His employer lives across the street from the site of the business block where his shop and store is located. On March 7, 1942, claimant arrived at the place of his employment at 7:30 A. M. He testified that after his arrival at the shop, he put his dinner bucket down and went out to see if the driveway was shoveled, and that while walking on the sidewalk he slipped, because of ice, fell and was injured. He stated that it was part of his regular work to shovel this driveway. The driveway which he shoveled was the private driveway of his employer and led to a garage where the employer's car was stored. The Industrial Board disallowed the claim on the ground that claimant, at the time of his injury, had disassociated himself from his employment and while the accident occurred in the course of his employment, it did not arise out of it. The employer's claim was disallowed on the ground that the work which claimant was doing was not covered by the policy. The evidence is meager and entirely unsatisfactory as to the use of the employer's car in connection with the business which he was conducting and as to the materials stored in the garage. The record in these respects is so incomplete that the court is unable to determine the issues intelligently. The decision of the Industrial Board is reversed, with costs in favor of claimant against the respondent, Lumber Mutual Casualty Insurance Company, and the matter is remitted to the Board so that additional testimony may be taken as to the matters indicated or as to any other relevant issue. All concur.

In the Matter of the Claim of WILLIAM S. WORRALL, JR., Respondent, against FOREST HILLS MATERIAL CO., INC., et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award and decision made by the State Industrial Board in favor of claimant. The claimant was employed as an outside collector and architect for the Forest Hills Material Co., Inc., located at Forest Hills, New York. Claimant resided at Lynbrook, New York, and when the accident happened he was en route to Forest Hills, to pick up his employer's mail at the post office and from there he intended to proceed to his employer's office. The Industrial Board found that since the claimant had left his home on this mission he must be considered to be in the course of his employment. There is ample evidence to support the finding, and the award should be affirmed, with costs to the State Industrial Board. Award affirmed, with costs to the State Industrial Board. All concur.